**Affirmed and Memorandum Opinion filed November 9, 2023**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-22-00471-CR**

---

**JOSE RAYMUNDO DE LA CERDA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 21-CR-2026**

---

## MEMORANDUM OPINION

A jury convicted appellant Jose Raymundo De La Cerda of murder and sentenced him to serve 28 years in prison. *See* Tex. Penal Code Ann. § 19.02. Appellant appeals his conviction in two issues. In his first issue appellant argues that the trial court erred when it denied his motion for mistrial made during the State's closing argument. We overrule this issue because appellant failed to preserve this issue since appellant's argument on appeal does not comport with the objection made in the trial court. Appellant argues in his second issue that he

received ineffective assistance of counsel because his trial attorneys failed to object to parts of the prosecutor's closing argument. We overrule this issue because appellant has not established that his trial counsel rendered deficient performance when they did not object to the challenged portions of the State's closing argument. We therefore affirm the trial court's judgment.

## BACKGROUND[1]

The complainant, Andrew Cordova, and several of his friends were drinking inside a cabaret known as Las Catrinas Cabaret. The owner of the cabaret, Oscar Deleon, Sr., was tending bar that night.

Melinda Rodriguez, who had worked at the cabaret as a bartender, entered the cabaret and began talking to Deleon about a long-running pay dispute. Appellant and two other people waited outside for Rodriguez. Deleon had Rodriguez go with him to the cabaret's office, where the discussion became heated. The two exited the office and continued the argument in the main area of the cabaret. Meanwhile, appellant and his two companions entered the cabaret. The complainant intervened in the argument and slapped Rodriguez. Rodriguez then charged at the complainant. Appellant then stepped up and began firing a handgun at the complainant, ultimately hitting him once in the arm and six times in the back. Appellant, Rodriguez, and their two companions, ran out of the cabaret. The complainant was pronounced dead at the scene. The entire incident was captured on video by multiple security cameras.

It was undisputed at trial that appellant was the person who fired the fatal shots. The dispute at trial focused on whether appellant's conduct was justified by

---

[1] Because appellant has not challenged the sufficiency of the evidence supporting his conviction, we include only those facts necessary to provide background for his issues raised in this appeal.

the reasonable use of deadly force in defense of a third person. The jury rejected this defense and found appellant guilty of murder. The jury sentenced appellant to serve 28 years in prison. This appeal followed.

ANALYSIS

Appellant raises two issues on appeal, which we address in order.

## I.     Appellant did not preserve his first issue for appellate review.

In his first issue on appeal appellant argues that the trial court abused its discretion when it denied his motion for mistrial made during the prosecution's closing argument. Specifically, appellant asserts that the following part of the prosecution's closing argument warranted a mistrial because, in appellant's view, it impermissibly commented on appellant's right to remain silent:

PROSECUTOR:     You know, we talked in voir dire about the charge, what reasonable belief is. And just very briefly, I want talk about that. Because this is the law that governs your instructions. A reasonable belief means a belief that an ordinary and prudent person would have held in the same circumstances as the Defendant. That's the standard. Was Jose Delacerda's [sic] actions that night - - did he have a reasonable belief? Now, I have to prove to you beyond a reasonable doubt one of these three things. And by the way, we've proven them all. Number one, the Defendant did not reasonably believe Andrew Cordova was using or attempting to use deadly force against Melinda Rodriguez? We've proved that. You know, I've got to give the defense credit. They had to be grinning ear to ear when the paramedics and the police showed up and they found out that Andrew Cordova had four knives on him. They had to be like, oh, thank god, thank god he had weapons there.

DEFENSE:     I'm going to object. This is attacking the

3

                    Defendant over the shoulder.

TRIAL COURT:    Sustained.

DEFENSE:        I'd ask that the jury be instructed to disregard the comment.

TRIAL COURT:    Disregarding any comments about the defense counsel.

DEFENSE:        And I would move for a mistrial.

TRIAL COURT:    Denied.

DEFENSE:        Thank you.

Appellant continues that the trial court's curative instruction to the jury was inadequate and that he was harmed by the trial court's denial of his motion for mistrial. The State responds that appellant failed to preserve his argument on appeal because it does not comport with the objection he made in the trial court. We agree with the State.

To preserve error, the record must show that appellant made a timely request, objection, or motion and that the trial court ruled on it. *Quick v. State*, 557 S.W.3d 775, 787 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd). Additionally, the complaining party bears the responsibility of clearly conveying to the trial judge the party's particular complaint, the precise and proper application of law, as well as the underlying rationale. *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). A general or imprecise objection will not preserve error for appeal unless it is clear from the record that the legal basis for the objection was obvious to the trial court and opposing counsel. *Vasquez v. State*, 483 S.W.3d 550, 554 (Tex. Crim. App. 2016); *Penton v. State*, 489 S.W.3d 578, 580 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). There are two main purposes behind this requirement: (1) to inform the trial court of the basis of the objection and give the trial court a chance to rule on it, and (2) to give opposing counsel the chance to remove the objection or provide other testimony. *Quick*, 557 S.W.3d at 787.

4

Whether a party's particular complaint is preserved depends on whether the complaint made on appeal comports with the complaint made in the trial court. *Pena*, 285 S.W.3d at 464. "In making this determination, we consider the context in which the complaint was made and the parties shared understanding at that time." *Id.*

It is well-settled that a prosecutor cannot properly comment on a defendant's failure to testify. *Owen v. State*, 656 S.W.2d 458, 459 (Tex. Crim. App. 1983). Such comments violate the U.S. Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure. *Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011). In assessing whether a criminal defendant's Fifth Amendment right has been violated, courts must view the State's argument from the jury's standpoint and resolve any ambiguities in the language in favor of it being a permissible argument. *Id.* Thus, the implication that the State referred to a defendant's failure to testify must be a clear and necessary one. *Id.* If the language might reasonably be construed as merely an implied or indirect allusion, there is no violation. An appellate court cannot determine that a prosecutor manifestly intended to comment on a defendant's failure to testify if there is some other equally plausible explanation for the argument. The test, therefore, is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on a defendant's failure to testify. *Id.* In applying this standard, the context in which the comment was made must be analyzed to determine whether the language used was of such character. *Id.*

Another type of improper argument occurs when a prosecutor makes uninvited and unsubstantiated accusations of improper conduct directed toward a defense attorney in an attempt to prejudice the jury against the defendant. Courts

5

refer to this as striking a defendant over the shoulders of his counsel. *See Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995) ("We have consistently held that argument which strikes at defendant over the shoulders of defense counsel is improper . . . ."); *Pena v. State*, 554 S.W.3d 242, 252 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) (same). This type of argument can be seen, for example, when the prosecutor argues that defense counsel has manufactured evidence, suborned perjury, accepted stolen money, or represented criminals. *Pena*, 554 S.W.3d at 252. This type of argument is improper. *Dinkins*, 894 S.W.2d at 357.

In the challenged argument, the prosecutor did not refer to appellant, nor did he mention a failure to testify, or call attention to the absence of evidence that only appellant could provide. *See Owen*, 656 S.W.2d at 459 ("If the remark complained of called the jury's attention to the absence of evidence that only the testimony from the appellant could supply, the conviction must be reversed."). Instead, the prosecutor argued that he had to "give the defense credit" when "they" alluded to the four knives found on the complainant's dead body as the "claws of the bear[,] [a]ll four of them." We conclude that the prosecutor's argument was, at most, an attempt to prejudice the jury against the defendant by striking at defendant over the shoulders of his counsel and not a comment on appellant's failure to testify. Appellant's trial counsel also understood that was the argument being made because he objected that the prosecutor's argument was "attacking the Defendant over the shoulder." The trial court also understood that was appellant's objection because she instructed the jury to "disregard any comments about the defense counsel." If that was not defense counsel's intent, he could have clarified his objection at that time. He did not; instead, he moved for a mistrial, which the trial court denied. Defense counsel then thanked the trial court, and the prosecutor resumed his argument. Because appellant's argument on appeal does not comport

with his objection in the trial court, we conclude he has not preserved this issue for appellate review.[2]  We overrule appellant's first issue.

## II.  Appellant has not shown that he received ineffective assistance of counsel.

Appellant argues in his second issue that he received ineffective assistance of counsel during the guilt/innocence phase of his trial because his trial counsel failed to object when the prosecutor inserted his personal beliefs regarding the status of the case and the evidence into his closing argument.  Appellant did not file a motion for new trial asserting that his trial counsel was ineffective.  Therefore, his trial attorneys were not given an opportunity to explain their actions or inactions during appellant's trial.

### A.  Standard of review and applicable law

In reviewing claims of ineffective assistance of counsel, we apply a two-part test.  *See Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  To establish ineffective assistance of counsel, an appellant must prove by a preponderance of the evidence that (1) his trial counsel's representation was deficient in that it fell below the standard of prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Id.*

An accused is entitled to reasonably effective assistance of counsel.  *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); *Bradley v. State*, 359 S.W.3d 912, 916 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).  Reasonably effective

---

[2] Even if appellant's argument on appeal addressed the prosecutor's alleged attempt to prejudice the jury against the defendant by striking at defendant over the shoulders of his counsel, we conclude he has not shown reversible error because the trial court's instruction cured any error.  *See Pena*, 554 S.W.3d at 252.

7

assistance of counsel does not mean error-free representation. *Ex parte Felton*, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991). Isolated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination. *Wert v. State*, 383 S.W.3d 747, 753 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Therefore, when evaluating a claim of ineffective assistance, we consider the totality of the representation and the particular circumstances of the case. *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

There is a strong presumption that trial counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *Salinas*, 163 S.W.3d at 740. It is not sufficient that an appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence. *Lopez*, 343 S.W.3d at 143. Instead, in order for an appellate court to conclude that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record and the court must not engage in retrospective speculation. *Id.* at 142. When such direct evidence is not available, we will assume trial counsel had a strategy if any reasonably sound strategic motivation can be imagined. *Id.* at 143.

Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). Unless trial counsel has had an opportunity to give specific explanations for his decisions, a record on direct appeal will rarely contain sufficient information to evaluate an ineffective assistance claim. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). When no reasonable trial

strategy could justify trial counsel's conduct, however, trial counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects trial counsel's subjective reasons for acting as he did. *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). In other words, when trial counsel has not had an opportunity to explain his actions or inactions, an appellate court cannot find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

**B.     Appellant has not shown that his trial counsel's performance was deficient.**

As mentioned above, appellant argues in his second issue that he received ineffective assistance of counsel because his trial counsel failed to object to what he believes was the prosecutor's insertion of his personal beliefs on the status of the case and evidence into his closing argument three separate times. Here, we conclude that, when taken in context, all three challenged opinions fit within the areas of proper jury argument.

The law provides for, and presumes a fair trial, free from improper argument by the prosecuting attorney. *Borjan v. State*, 787 S.W.2d 53, 56 (Tex. Crim. App. 1990). The approved areas of jury argument are (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to the argument of opposing counsel, and (4) plea for law enforcement. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000); *Pena*, 554 S.W.3d at 252. In addition, it is well-settled that a prosecutor may argue his opinions concerning issues in the case so long as the opinions are based on evidence in the record and the opinions do not constitute unsworn testimony. *McKay v. State*, 707 S.W.2d 23, 37 (Tex. Crim. App. 1985); *Pham v. State*, 595 S.W.3d 769, 788 (Tex. App.—Houston [14th

Dist.] 2019), aff'd 639 S.W.3d 708 (Tex. Crim. App. 2022).

Appellant initially argues that his trial counsel should have objected to a single sentence of the prosecutor's closing argument, which is quoted below in context:

> The defense is hoping, in this case, you literally won't believe your own eyes. That's what they're hoping for. That you won't believe what your eyes tell you. **I have never seen a case in my life when an individual is on videotape and he is gunned down in the back and then to make you believe - - to try to make you believe that it was self-defense or defense of a third party.** I just can't believe it. Everything the defense told you yesterday was just flat-out wrong. [The complainant] never had his fist cocked back. He never had Melinda [Rodriguez] in a headlock and Phillip [O'Neil] never reached for a weapon. You know, remember that [the complainant] and [appellant], they didn't even know each other. They never met before. He was never – [appellant] was never presented with deadly force or attempted deadly force, which is what the law says you have to be before you are justified in using deadly force. He had the gun out the moment the slap happened. He pulls that gun. You don't deserve to be gunned down for slapping somebody in the face. (emphasis added)

When viewed in the context of the prosecutor's entire argument, as we are required to do, the challenged portion of the argument fits within at least two categories of permissible argument. The prosecutor is reviewing the video and other evidence admitted during appellant's trial which demonstrated appellant shot the complainant in the back. The prosecutor was also responding to the defense argument that appellant was justified in shooting the complainant by pointing out the lack of evidence that the complainant was using deadly force against Rodriguez. We conclude that the prosecutor's expression of his opinion was based on the evidence and did not constitute unsworn testimony.

Next, appellant asserts his trial counsel should have objected when the prosecutor addressed the three defense witnesses who, after viewing the video

10

evidence of the murder, still testified they believed appellant was "a peaceful person." Here, the prosecutor argued

> You know, just a little bit about the defense witnesses, the three witnesses that have testified. The dad had seen the tape before being here in Court. The other two had never seen it. And I played it for them. I said does this change your opinion about his character for peacefulness. Notice how quickly that - - no hesitation whatsoever. Oh yeah. No, no. No. He is still a peaceful person. That video of him brutally murdering someone in a strip club, that doesn't change my opinion of him. I'm sorry. It could be my best friend that I had known my entire life. If I found out he gunned somebody down in a bar and I saw it on tape, I would have been like, yo, man, I know we're friends and all but, man, you can't do that. That's - - no, man. I can't go with you on this one, buddy. No. It's not a peaceful protective person.

We conclude that this argument by the prosecutor also fits within multiple categories of proper argument. The prosecutor summarized the evidence presented by the three witnesses and, when addressing the credibility of their testimony, he is making reasonable deductions from that evidence. *See Satterwhite v. State*, 858 S.W.2d 412, 425 (Tex. Crim. App. 1993) ("A prosecutor is allowed to argue that the witnesses for the defense are not worthy of belief."); *Graves v. State*, 176 S.W.3d 422, 431 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("Jury argument that vouches for or questions the credibility of a witness is proper if it involves a reasonable deduction from the evidence.").

Finally, appellant contends his trial counsel should have objected when the prosecutor argued "I wouldn't take a gun into a strip club." Once again, appellant challenges a single sentence in a much longer argument by the prosecutor. The entire argument provides:

> You know, they keep saying what would you do? What would you do? I know what I would do? **I wouldn't take a gun into a strip**

11

**club.** I wouldn't pull one out and escalate a situation. You know, he talks about what a protective person [appellant] is. After [appellant] guns [the complainant] down, [appellant] is out there quicker than you can think. And who does he leave behind? Melinda [Rodriguez]. Melinda takes off running after him. But he's a peaceful and protective person. You know, the defense keeps bringing this up and so I feel I need to talk about it. (emphasis added)

We once again conclude that the challenged argument fits within multiple categories of proper jury argument, including summation of the evidence and a response to the defense's argument that appellant was a peaceful, protective person.

Having determined that each challenged jury argument fits within the categories of proper closing argument, we hold appellant has not shown that his trial counsel's performance was deficient because they did not object to these arguments made by the prosecutor. *See Compton v. State*, 666 S.W.3d 685, 731 (Tex. Crim. App. 2023) (holding counsel was not ineffective because any objection to the State's closing argument would have been meritless). We overrule appellant's second issue.

12

## CONCLUSION

Having overruled appellant's issues on appeal, we affirm the trial court's judgment.

/s/    Jerry Zimmerer

Panel consists of Justices Wise, Zimmerer, and Poissant.

Do Not Publish — TEX. R. APP. P. 47.2(b).